Matthew Righetti, (State Bar No. 121012)
  *matt@righettilaw.com*
John Glugoski, (State Bar No. 191551)
  *jglugoski@righettilaw.com*
**RIGHETTI • GLUGOSKI P.C.**
456 Montgomery Street, Suite 1400
San Francisco, CA 94104
Telephone:  (415) 983-0900
Facsimile:   (415) 397-9005

Gene Williams (State Bar No. 211390)
  *GWilliams@initiativelegal.com*
Raul Perez (State Bar No. 174687)
  *RPerez@initativelegal.com*
Melissa Grant (State Bar No. 205633)
  *MGrant@initiativelegal.com*
Arnab Banerjee (State Bar No. 252618)
  *ABanerjee@initiativelegal.com*
**INITIATIVE LEGAL GROUP APC**
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone:  (310) 556-5634
Facsimile:   (310) 861-9051

Edwin Aiwazian, (State Bar No. 232943)
  *edwin@aiwazian.com*
Arby Aiwazian, (State Bar No. 269827)
  *arby@aiwazian.com*
Jill J. Parker, (State Bar No. 274230)
  *jill@aiwazian.com*
**THE AIWAZIAN LAW FIRM**
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone:  (818) 265-1020
Facsimile:   (818) 265-1021

*Attorneys for* Plaintiffs

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YIADIRA CORDOVA; individually, and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>COMERICA BANK, a Texas corporation; COMERICA INCORPORATED, a Delaware corporation; COMERICA MANAGEMENT COMPANY, INC., a Michigan corporation; and Does 1 through 100, inclusive,<br><br>                    Defendants. | Case No. 09-CV-08905-MMM (PLAx)<br>Honorable Margaret M. Morrow<br>Dept. 280<br><br>**PLAINTIFF'S BRIEF REGARDING INTERVENTION** |

## I. INTRODUCTION

Plaintiff Yiadira Cordova ("Plaintiff"), along with several other individuals, filed a motion to intervene in the putative class action entitled *Babasa v. Comerica, et al.*, which is pending in the Southern District of California. Redentor Babasa ("Babasa") and Defendants Comerica Bank, Comerica Incorporated, and Comerica Management Company, Inc. ("Defendants") entered into a settlement agreement which purports to settle the claims of Assistant Banking Center Managers ("ABCMs") and Banking Center Managers ("BCMs") employed by Defendants in California over the span of six years for merely $950,000 – despite the fact that Defendants have estimated the amount in controversy for the ABCM class alone to be as high as $12 million.

Plaintiff seeks intervention to have the *Babasa* action transferred to the Central District and to the Honorable Margaret M. Morrow. Plaintiff also seeks intervention to preserve her right to object to the settlement in the event that she does not obtain a timely final judgment on the merits in her independent lawsuit against Defendants. Plaintiff is entitled to seek intervention to object to the *Babasa* settlement agreement because the terms of the settlement may cause her plain legal prejudice. If Plaintiff does not receive a timely final judgment in her own action, she may be stripped of her legal claims against Defendants in the event that the settlement agreement is approved by the court. Plaintiff has not opted out of the *Babasa* action, nor has she even been afforded the opportunity. Accordingly, Plaintiff is entitled to intervene in the *Babasa* action to preserve her legal claims against Defendants.

Plaintiff's intervention in the *Babasa* action will in no way prejudice the existing parties to that action, or Defendants in this action. If and when the *Cordova* trial reaches its conclusion and a final judgment has been entered, Plaintiff will no longer have any standing to participate in the *Babasa* action as it is currently styled, as her claims will be barred by the doctrine of *res judicata*.

///

///

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### a. The *Babasa* Action

On February 1, 2011, Redentor Babasa ("Babasa") filed a putative class action lawsuit against Defendants in San Diego Superior Court. Babasa's complaint contains the same causes of action for violations of the California Labor Code and the California Business and Professions Code as asserted in *Cordova v. Comerica, et al.*, Central District of California Case No. 2:09-cv-08905-MMM; *Bernal v. Comerica, et al.*, Southern District of California Case No. 3:11-cv-01298-JAH (BGS); *Gallegos v. Comerica, et al.*, Los Angeles Superior Court Case No. BC455515; *Granata v. Comerica, et al.*, Southern District of California Case No. 3:11-cv-00716-L-BGS; *Mathews v. Comerica Bank, et al.*, Central District of California Case No, 2:11-cv-05488-MMM (PLAx); *Rumohr v. Comerica Bank, et al.*, Central District of California Case No. 2:11-cv-05475-MMM (PLAx). Babasa purports to represent "all employees of any of the Defendants who are, have been, or will be employed in any California location owned or operated by any of the Defendants in any job whose title is manager, and/or any job title referred to by any of the Defendants as defined above or any similar derivative title that is better defined by a 'skill set' that describes realistic descriptions and expectations of the duties performed by THE CLASS or sub-classes...."

On March 25, 2011, Defendants removed the *Babasa* action to the Southern District. In their Notice of Removal of the *Babasa* action, Defendants' amount in controversy calculations amount to $6,958,718.47, with attorneys' fees estimated to be in excess of $1,000,000. Babasa never filed a motion to remand his action to state court, and accordingly the *Babasa* action is still pending before the Honorable John A. Houston. To date, there have been just two hearings, including a telephonic case management conference, and only three motions filed: two joint motions for protective order and a recently filed motion for preliminary approval of class action settlement. Babasa and Defendants appear to have conducted just three depositions in this matter, which purports to encompass more than 400 class members.

On June 16, 2011, Babasa and Defendants engaged in a mediation. Neither Babasa nor Defendants' attorneys invited counsel for Plaintiff to attend this mediation. Plaintiff's counsel did not learn of the mediation until August 9, 2011, when Scott Lidman, counsel for Defendants, sent them a letter apprising them of the mediation, the proposed settlement, and the motion for preliminary approval of the proposed settlement.

The proposed settlement agreement is on behalf of two subclasses: ABCMs and BCMs, defined as "All employees who work or worked for any Defendant in the State of California in position(s) generally described as (1) assistant mangers, assistant branch managers or assistant banking center managers (collectively "ABCM Covered Positions") and (2) bank managers, branch managers or banking center managers (collectively "BCM Covered Positions" classified by Defendants as being exempt from overtime requirements during the applicable Settlement Class Periods defined below." The class period, in turn, is tolled four years the dates that the *Cordova* and *Bernal* actions were filed; November 5, 2005[1] and March 19, 2006, respectively. By redefining the putative class from his initial complaint, Plaintiff's settlement agreement purports to subsume the *Bernal*, *Gallegos*, *Mathews*, *Rumohr*, and *Granata* actions.

In addition to redefining the class definition as originally asserted in his complaint, Babasa seeks leave to amend his complaint to add a cause of action pursuant to the Private Attorneys General Act ("PAGA"). Defendants have stipulated to this proposed amendment.

Plaintiff and Defendants seek approval of a settlement of $950,000, which, after deducting attorneys' fees, costs, payment to the California Labor and Workforce Development Agency ("LWDA") and service payment to Babasa results in just $617,500 to be distributed among the entire class, which is estimated to be more than 400 individuals.[2]

---

[1] The *Cordova* action was in fact filed on November 3, 2009; Plaintiff and Defendants' attempt to toll the class definition back to November 5, 2005 is presumably in error.
[2] [$950,000 - $285,000 (attorneys' fees) - $15,000 (costs) - $15,000 (service payment to Plaintiff) - $7,500 LWDA payment - $25,000 claims administration costs) = $617,500.]

### b. The Motion for Intervention

On August 22, 2011, Yiadira Cordova, Ly Bernal, Rowena Hofman, Magali Gallegos, Juliette Granata, Nancy Mathews, Carolina Rumohr, Aline Khelghatian, Gregory Roth, Sara Mohajeri Azar, Righetti Glugoski, P.C., Initiative Legal Group, APC, and The Aiwazian Law Firm filed an ex parte application to intervene in the *Babasa* action.

Yiadira Cordova, Ly Bernal, Rowena Hofman, Magali Gallegos, Juliette Granata, Nancy Mathews, Carolina Rumohr seek intervention on the grounds that the *Babasa* settlement agreement would subsume their claims, and that Babasa does not adequately represent their interests, as he agreed to settle the claims of approximately 400 individuals for the grossly inadequate sum of $950,000. As part of the settlement agreement, Defendants have agreed to reclassify the ABCM position, which further calls into question Plaintiff's decision to settle the class members claims for $950,000.

The motion for intervention is also brought on the ground that Babasa filed his action in the wrong venue. Counsel for Defendants have represented to Plaintiff's counsel that they believe Babasa resided and worked for Defendants in the Greater Los Angeles area. The *Babasa* action should therefore be litigated in the Central District and transferred to the Honorable Margaret M. Morrow, before whom Defendants have sought to transfer every other putative class action brought on behalf of California ABCMs and BCMs.

In addition to these individuals, Aline Khelghatian, who has filed a representative Private Attorneys General Act ("PAGA") action against Defendants also seeks intervention, as Babasa seeks leave to amend his complaint to include a PAGA claim. Finally, Righetti Glugoski, PC, Initiative Legal Group, APC, and The Aiwazian Law Firm seek intervention to obtain, at a minimum, a quantum meruit recovery of any attorneys' fees and litigation costs that the court awards in the event the *Babasa* settlement is approved.

///

### III. PLAINTIFF IS ENTITLED TO SEEK INTERVENTION AS THERE HAS BEEN NOT YET BEEN A FINAL JUDGMENT ON THE MERITS IN THE *CORDOVA* ACTION

As a preliminary matter, the doctrine of *res judicata* does not apply to prohibit Plaintiff from simultaneously seeking intervention in the *Babasa* matter while she independently litigates her claims against Defendants. The "doctrine of res judicata bars a party from bringing a claim if a court of competent jurisdiction has rendered a final judgment on the merits of the claim in a previous action involving the same parties or their privies." *Robertson v. Isomedix, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994).

Plaintiff would only be precluded from seeking intervention in the *Babasa* action if a final, non-appealable judgment had already been entered in the *Cordova* action. Even if a judgment is entered next week in the *Cordova* trial, that judgment would be subject to appeal by Plaintiff or Defendants. It is only once the time to appeal the anticipated judgment in *Cordova* has run that Plaintiff will no longer have an interest in the *Babasa* action. Indeed, Plaintiff has not even been afforded the opportunity to opt-out of the *Babasa* action, as the parties to that action have not initiated the opt-out procedure. Accordingly, Plaintiff may be bound by that agreement until such time as she is afforded the opportunity to opt-out and she proceeds to opt-out or until she receives a final judgment on her claims in the *Cordova* action.

Until such a final judgment has been entered, and the time for appeal has expired, the doctrine of *res judicata* does not apply to prevent Plaintiff from protecting her interests in the *Babasa* action by seeking intervention.

### IV. PLAINTIFF MUST BE PERMITTED TO PRESERVE HER RIGHTS IN THE *BABASA* ACTION IN THE EVENT THAT THERE IS NO TIMELY FINAL JUDGMENT IN THE *CORDOVA* ACTION

A non-settling party may challenge a settlement agreement if the agreement would cause her "plain legal prejudice." *In re Integra Realty Resources, Inc.*, 262 F. 3d 1089, 1102-1103 (10th Cir. 2001). This is an exception to the general rule that non-settling

parties lack standing to object to settlements as they are not subject to *res judicata*. This exception has typically been articulated in a multi-party context where a non-settling defendant seeks to challenge a settlement agreement entered into by the plaintiffs and the other defendants to the action. *See e.g. id.*; *Agretti v. ANR Freight Sys.*, 982 F.2d 242, 246 (7th Cir. 1992); *Alumax Mill Products v. Congress Financial* Corp., 912 F. 2d 996, 1001-1002 (8th Cir. 1990). However, this exception is also applicable to class members who have opted out of a class action. In *Mayfield v. Barr*, 985 F. 2d 1090 (D.C. Cir. 1993), the District of Columbia Circuit Court of Appeals reasoned that individuals who opt out of a class generally do not have standing to appeal a class action settlement agreement because they have left their claims intact by opting out. However, the Court noted an exception to this rule where non-settling parties would be prejudiced by the settlement. If an individual who opted out of a class action could demonstrate that the settlement agreement would cause them "plain legal prejudice," such as by stripping them of a legal claim or cause of action, he or she would have standing to object to the settlement agreement. (1093). *See also New Eng. Health Care Employees Pension Fund v. Woodruff*, 2008 U.S. App. LEXIS 954 (10th Cir. 2008) (holding that non-settling defendants who were excluded from settlement agreement had standing to intervene because the settlement would affect their rights to seek contribution and indemnification)

The same principle is applicable here, even though Plaintiff has not yet been afforded the opportunity to opt out of the *Babasa* action. Plaintiff, who is litigating her claims against Defendants independently, could potentially suffer plain legal prejudice from the settlement of the *Babasa* action. Until Plaintiff is afforded the opportunity to opt-out of *Babasa*, and proceeds to opt-out, her claims are subsumed by that action. Consequently the settlement agreement could plainly strip Plaintiff of her legal claims against Defendants. Moreover, there is the possibility that Plaintiff will not receive a final judgment in this action for some time. In the interim, if Babasa and Defendants re-negotiate their settlement agreement for an adequate amount, Plaintiff may decide to participate in a future settlement and abandon her lawsuit. Until final judgment has been

entered into in this action, Plaintiff must be permitted to simultaneously seek intervention in the *Babasa* action in order to preserve her right to object to the inadequate settlement agreement entered into by Babasa and Defendants. Otherwise, Plaintiff could potentially be precluded from ever fully litigating her claims against Defendants.

### V. PLAINTIFF SEEKS INTERVENTION TO TRANSFER THIS CASE TO THE CENTRAL DISTRICT AND TO PRESERVE HER RIGHT TO OBJECT TO THE *BABASA* SETTLEMENT

Plaintiff does not seek to intervene in the *Babasa* action in order to obtain a double recovery by taking part in the settlement agreement. Plaintiff seeks to intervene in order to have the *Babasa* action transferred to this Court, who has had before it every other putative class action brought on behalf of California ABCMs and BCMs. This court is uniquely suited to handle the complex issues stemming from this multi-party, multi-action wage and hour litigation. In addition, Babasa's action never should have been filed in the Southern District as he never resided nor worked for Defendants in the Southern District. According to counsel for Defendants' representations, Babasa resided and worked for Defendants in the Greater Los Angeles region, which is subject to the venue of the Central District Court of California.

Accordingly, Plaintiff's limited purpose of intervening in the *Babasa* action to have the action transferred to the Central District and to oppose the settlement agreement in the event that she does not obtain a timely final judgment in this action is permissible. Defendants will in no way be prejudiced by Plaintiff's intervention, because in the event that she does receive a final, non-appealable judgment in the *Cordova* action, she will be barred by the doctrine of *res judicata* from participating in the *Babasa* action as it is currently styled.

///
///
///
///

## VI. IN THE ALTERNATIVE, PLAINTIFF WILL WITHDRAW HER INDIVIDUAL CLAIM FOR INTERVENTION WITHOUT PREJUDICE AND REQUEST A STAY OF THE *CORDOVA* ACTION

In the event this Court decides that Plaintiff cannot simultaneously seek intervention in *Babasa* while proceeding with the trial of her claims, Plaintiff will agree to take affirmative steps to withdraw her individual motion for intervention without prejudice. The motion for intervention will only be withdrawn with respect to Plaintiff. In this event, Plaintiff requests that the Court stay the Cordova matter pending the Southern District's resolution of the motion for intervention brought on behalf of the other Comerica wage and hour plaintiffs and their anticipated motion to transfer *Babasa* to the Central District.

## VII. CONCLUSION

For each of the foregoing reasons, Plaintiff is entitled to simultaneously seek intervention in *Babasa* while independently litigating her claims against Defendants up until the time she receives a final, non-appealable judgment. However, in the event this Court determines that Plaintiff cannot simultaneously proceed with this course of action, Plaintiff will individually withdraw her motion to intervene and request a stay of the *Cordova* matter until a decision is rendered upon the remaining parties' motion to intervene and the anticipated motion to transfer *Babasa* to the Central District.

Dated: August 23, 2011

Respectfully Submitted,
THE AIWAZIAN LAW FIRM

By: /s/ Edwin Aiwazian
Edwin Aiwazian
*Attorneys for* Plaintiff